## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA
## BATON ROUGE DIVISION

| | |
|---|---|
| VICTOR RUBIO | CIVIL ACTION NO. |
| v. | JUDGE: |
| DEAMONTRAE J. WARREN, SUNBELT FOREST PRODUCTS, INC., AND EMPLOYERS MUTUAL CASUALTY COMPANY | MAGISTRATE |

### NOTICE OF REMOVAL OF CIVIL ACTION
### UNDER 28 U.S.C. § 1441(B) (DIVERSITY JURISDICTION)

TO THE CLERK OF COURT:

PLEASE TAKE NOTICE that Defendants, Sunbelt Forest Products, Inc. ("Sunbelt") and Employers Mutual Casualty Company ("EMC"), with full reservation of any and all rights, defenses, and objections, hereby give notice of the removal to this Court of the State Court Action described below, and in support state:

### I.   BACKGROUND

**1.**

Defendants, Sunbelt  and EMC, were named as defendants in a civil action commenced on May 31, 2019 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled "*Victor Rubio v. Deamontrae J. Warren, Sunbelt Forest Products, Inc., and Employers Mutual Casualty Company*", bearing docket number 683743.

**2.**

Defendants file herewith as Exhibit "A", *in globo*, copies of all processes, pleadings, notices, and orders filed in the State Court proceeding.

**3.**

Plaintiff claims that on or about June 4, 2018, he was driving a 1997 Winnebago Brave west on Interstate 12 in St. Tammany Parish, Louisiana, in front of a 2018 Mack CXU613 owned by Sunbelt and operated by Deamonte J. Warren.  Plaintiff further claims that at this time Mr. Warren was acting within the course and scope of his employment with Sunbelt. See, Petition for Damages, ¶¶ 3–4, 6, 9.

**4.**

Plaintiff claims that EMC issued a policy of liability insurance to Sunbelt, which policy provides insurance coverage for the actions and/or negligence of Sunbelt and Mr. Warren. See, Petition for Damages, ¶ 5.

**5.**

Plaintiff claims that Mr. Warren "violently crashed into the rear" of his vehicle, causing him severe, painful, permanent, and disabling injuries, including headaches, lumbar and cervical strains, post-traumatic stress disorder, and other unspecified damages. Plaintiff seeks damages for past, present, and future "physical pain and suffering, mental and emotional pain, anguish, and distress, medical expenses, loss of enjoyment of life, and other damages and losses to be shown at trial." See, Petition for Damages, ¶¶ 5, 10–11.

**6.**

Plaintiff claims that Mr. Warren is liable for various acts of negligence that caused his alleged injuries. See, Petition for Damages, ¶ 13.

**7.**

Plaintiff claims that Sunbelt is liable for its own various acts of negligence, as well as vicarious liability for Mr. Warren. See, Petition for Damages, ¶¶ 9, 12.

**8.**

Plaintiff claims that EMC is liable as Sunbelt's insurer, pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269. See, Petition for Damages, ¶ 7.

## II.    DIVERSITY OF CITIZENSHIP

**9.**

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

**10.**

As pleaded, Plaintiff, Victor Rubio, is and was a citizen of the State of Louisiana, both at the time of filing of this suit and at the time of removal.

**11.**

Defendant, Sunbelt Forest Products, Inc., is and was a Mississippi corporation with its principal place of business in Pearl, Mississippi, both at the time of the filing of this suit and at the time of removal.

**12.**

Defendant, Employers Mutual Casualty Company, is and was an Iowa corporation with its principal place of business in Des Moines, Iowa, both at the time of the filing of this suit and at the time of removal.

**13.**

Defendant, Deamontrae J. Warren, upon information and belief, is and was a citizen of the State of Mississippi, both at the time of the filing of this suit and at the time of removal.

### III.   AMOUNT IN CONTROVERSY

### 14.

The $75,000.00 amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. Louisiana law prohibits a plaintiff from alleging a specific amount of damages in the complaint. LA. CODE CIV. P. art. 893. Because Plaintiff fails to allege a specific amount of damages in the Petition for Damages, the Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

### 15.

Plaintiff's Petition for Damages does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by LA. CODE CIV. PROC. art. 893(A)(1). Although most Louisiana federal courts have stated that the failure to include an art. 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See*, *e.g.*, *Trahan v. Drury Hotels Co. LLC*, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm*, 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi-Chem Grp., LLC*, 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012). In light of Plaintiff's claimed damages, his failure to include such a statement in his prayer for relief makes it apparent that more than $75,000 is at stake in this case.

### 16.

Further, Louisiana courts have found that damages exceeded $75,000 in cases involving claims similar to those in Plaintiffs' Petition for Damages. For example, a plaintiff who sustained a back injury and lingering headaches after falling over a desk was awarded $100,000 in general damages, $11,446 for past medicals, and $5,671 for future medicals, in addition to $82,034 in lost wages. See, *Domingue ex. rel Domingue v. Allied*, 2002-1338 (La. App. 1 Cir. 5/9/03), 849

So. 2d 690. In another case, a plaintiff suffered a cervical neck strain in a motor vehicle accident and, while recovering, was involved in a subsequent accident that aggravated his pre-existing injuries. See, *Lastrapes v. Progressive Security Ins. Co.*, 2010-0051 (La. 11/30/10), 51 So. 3d 659. He received $125,000 in past pain and suffering and $88,000 in past special damages for the exacerbation of his prior injuries. *Id.* Moreover, in a very recent case, a motorist who sustained back injuries in a rear-end vehicular collision and underwent only conservative treatment and was never recommended for surgery, was awarded $75,000 in general damages and $15,291 in past medicals, even though he only received $263 for lost wages. See, *Hebert v. Boesch*, 2015-1791 (La. App. 1 Cir. 6/13/16), 194 So. 3d 798.

**17.**

Courts have also awarded significant sums for alleged mental anguish, loss of enjoyment of life, post-traumatic stress disorder, etc. See, *McCain v. Howell*, 2006-1830 (La. App. 1 Cir. 9/14/07), 971 So. 2d 323 ($15,000 awarded for emotional distress and nightmares following an automobile accident, even though the plaintiff had limited physical injuries); *Cain v. Winn-Dixie Louisiana, Inc.*, 98-0792 (La. App. 1 Cir. 9/24/99), 757 So. 2d 712 ($10,000 awarded for PTSD after seeing a hair strand in a piece of cake); *Giamanco v. EPE, Inc.*, 619 So.2d 1339 (La. App. 1 Cir. 1991) ($10,000 awarded for PTSD after a woman incurs hair damage); *Hicks v. State*, 34,890 (La. App. 2 Cir. 12/7/01), 802 So.2d 1005 ($50,000 awarded to a plaintiff for mental anguish following automobile accident, where she sustained relatively minor injuries); *Hernandez v. State, DOTD*, 2002-0162 (La. App. 4 Cir. 10/16/02), 841 So.2d 808 ($15,000 awarded for PTSD following automobile accident, even though no mental treatment until 18 months post accident); *LaSalle v. Benson Car Co., Inc.*, 00-1459 (La. App. 5 Cir. 1/30/01), 783 So.2d 404 ($50,000 awarded for five month lumbar strain with associated mental anguish).

**18.**

Here, as noted above, Plaintiff alleges that he suffers from past, present, and future severe, painful, permanent, and disabling injuries, including headaches, lumbar and cervical strains, post-traumatic stress disorder, and other damages. See, Petition for Damages, ¶¶ 5, 10–11. Thus, it is readily apparent from the face of his Petition for Damages that Plaintiff's combined potential damages, if proven, as a matter of law and fact, exceed the sum of $75,000.

## IV.   REMOVAL IS PROPER

**19.**

Defendant, Employers Mutual Casualty Company, was served with the Petition for Damages, through the Louisiana Secretary of State, on June 11, 2019.

**20.**

Defendant, Sunbelt Forest Products, Inc., has not been properly served with a copy of the Petition for Damages as of the date of the filing of this Notice of Removal.  Plaintiff did attempt service on Sunbelt through a prior registered agent in Louisiana, but that agent has not acted on behalf of Sunbelt since at least 2004 and Sunbelt has not maintained an office in Louisiana since 2004. Nonetheless, for purposes of efficiency, Sunbelt now waives formal service requirements and voluntarily appears herein.

**21.**

Defendant, Deamontrae J. Warren, has not been properly served with a copy of the Petition for Damages as of the date of the filing of this Notice of Removal.

**22.**

Accordingly, this Notice of Removal is timely filed within thirty days after the first service or notice on any defendant of the pleadings setting forth the claims for relief, and within one year of the filing of the Petition for Damages, in compliance with 28 U.S.C. § 1446(b).

**23.**

The United States District Court for the Middle District of Louisiana is the federal judicial district embracing the Nineteenth Judicial District Court for the Parish of East Baton Rouge, where the suit was originally filed. Thus, venue is proper in this Court under 28 U.S.C. § 1441(a).

**24.**

This Court has original jurisdiction according to 28 U.S.C. § 1332(a). Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

**25.**

Promptly after the filing of this Notice of Removal to the United States District Court for the Middle District of Louisiana, a copy of this Notice will be filed with the Clerk of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to effect the removal of this action to the United States District Court for the Middle District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendants, Sunbelt Forest Products, Inc. and Employers Mutual Casualty Company, pray that Civil Action No. 683743, currently pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to this Court for trial and determination; that all further proceedings in the State Court be stayed; and that these Defendants have all additional and further relief to which they may be entitled.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER WEINSTOCK & BOGART, APLC**

/s/ John G. Yadamec
_____

**JOSEPH E. BEARDEN, III (#26188)**
**JOHN G. YADAMEC (#37928)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
jbearden@duplass.com
jyadamec@duplass.com
*Counsel for Defendants, Sunbelt Forest Products, Inc. and Employers Mutual Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by filing through the Court's CM/ECF system on this 2nd day of July 2019.

/s/ John G. Yadamec
_____

**John G. Yadamec**

01847313-1