**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VICTOR RUBIO** | **CIVIL ACTION** |
| **VERSUS** | |
| **DEAMONTRAE J. WARREN, SUNBELT FOREST PRODUCTS, INC., AND EMPLOYERS MUTUAL CASUALTY COMPANY** | **NO. 19-432-JWD-EWD** |

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiff Victor Rubio ("Plaintiff") on June 4, 2018 on Interstate 12 in St. Tammany Parish, Louisiana when Plaintiff's vehicle was rear-ended by a "Mack CXU613" truck driven by Defendant Deamontrae J. Warren ("Warren"), while in the course and scope of his employment with Defendant Sunbelt Forest Products, Inc. ("Sunbelt"). Defendant Employer Mutual Casualty Company ("EMCC") is alleged to be the insurer of the vehicle operated by Warren.[1] On or about May 31, 2019, Plaintiff filed his Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] On July 2, 2019, Sunbelt and EMCC (collectively, "Removing Defendants") removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---
[1] R. Doc. 1-2, ¶¶ 3-7.
[2] R. Doc. 1-2.
[3] R. Doc. 1, ¶ 9.

The Notice of Removal alleges that Plaintiff is a Louisiana citizen, Warren is a Mississippi citizen, Sunbelt is a Mississippi corporation with its principal place of business in Mississippi, and EMCC is an Iowa corporation with its principal place of business in Iowa; therefore, complete diversity of citizenship appears to exist.[4]

However, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[5] The Petition alleges that Warren's "Mack CXU613" truck "suddenly and without warning…violently crashed into the rear of the plaintiff's vehicle resulting in severe, painful and permanent injuries to plaintiff, VICTOR RUBIO."[6] Plaintiff alleges the following injuries:

> 10.
> As a result of the fault and/or negligence of the defendants in causing the aforementioned accident, Plaintiff VICTOR RUBIO, suffered severe and disabling injuries including, but not limited to:
> a) Severe headaches;
> b) Lumbar and Cervical Strain;
> c) Post-traumatic stress disorder; and
> d) Other damages and losses to be shown at trial.[7]

In connection with these injuries, Plaintiff claims past, present, and future: "physical pain and suffering…mental and emotional pain, anguish and distress…medical expenses…loss of enjoyment of life…and other damages and losses to be shown at trial," as well as costs and interest.[8]

In the Notice of Removal, Removing Defendants allege that "[t]he 75,000.00 amount-controversy requirement of 28 U.S.C. § 1332 is satisfied in this case," and the fact that "Plaintiff's

---

[4] R. Doc. 1, ¶¶ 10-13.
[5] *See* 28 U.S.C. §1332(a).
[6] R. Doc. 1-2, ¶ 5.
[7] R. Doc. 1-2, ¶ 10.
[8] R. Doc. 1-2, ¶ 11 and prayer for damages.

Petition for Damages does not set forth that there is a 'lack of jurisdiction of federal courts due to insufficiency of damages' as required by La. Code Civ. Proc. Art. 893(A)(1)," "makes it apparent that more than $75,000 is at stake in this case" in light of Plaintiff's claimed damages, *i.e.*, "past, present, and future severe, painful, permanent, and disabling injuries, including headaches, lumbar and cervical strains, post-traumatic stress disorder, and other damages."[9] Furthermore, Removing Defendants assert that "Louisiana courts have found that damages exceeded $75,000 in cases involving claims similar to Plaintiffs' (sic) Petition for Damages," citing several Louisiana state court cases.[10] On the basis of these allegations, Removing Defendants contend: "Thus, it is readily apparent from the face of his Petition for Damages that Plaintiff's combined potential damages, if proven, as a matter of law and fact, exceed the sum of $75,000."[11]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000 exclusive of interest and costs. First, Plaintiff's general allegations of "severe, painful and permanent injuries," severe headaches, lumbar and cervical strains, and post-traumatic stress disorder, and demands for general categories of damages (*e.g.*, medical expenses, physical pain and suffering, and mental anguish, etc.)[12] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in

---

[9] R. Doc. 1, ¶¶ 14-15 and ¶ 18 *citing* R. Doc. 1-2, ¶¶ 5, 10-11.
[10] R. Doc. 1, ¶ 16.
[11] R. Doc. 1, ¶ 18.
[12] R. Doc. 1-2, ¶¶ 5, 10-11.

controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc*., and cases cited therein.[13]

In this case, there are no details regarding the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the actual amount of medical expenses Plaintiff has incurred thus far, the extent of Plaintiff's alleged "disabling" and/or "permanent" injuries, Plaintiff's prognosis and recommended future treatment, and whether Plaintiff is working/can work. Removing Defendants have not offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy. There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy. Further, as Removing recognize, Plaintiff's failure to allege that he is seeking less than $75,000 as required by La. C.C.P. art. 893[14] is not alone determinative of amount in controversy, though it can be considered.[15] Finally, Removing Defendants' cited authority is not persuasive because the injuries of the plaintiffs in those cases cannot be compared to Plaintiff herein due to the lack of details provided regarding Plaintiff's alleged injuries and also because some of the cases are factually distinguishable.[16]

---

[13] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).
[14] R. Doc. 1, ¶ 15.
[15] R. Doc. 1,¶ 15 *and see Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See Weber v. Stevenson,* 2007 WL 4441261 (M.D. La. 2007) ("While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration,' it is not, in and of itself, determinative of the amount in controversy.")
[16] As one example, Removing Defendants rely on a $10,000 award for PTSD after the plaintiff saw "a hair strand in a piece of cake," in *Cain v. Winn Dixie Louisiana, Inc.*, 98-0792 (La. App. 1 Cir. 9/24/99), 757 So.2d 712. However, *Cain* does not involve a car accident, and further, Removing Defendants fail to note that the appellate court reversed the PTSD award *in toto. Id.* at 715. As a second example, Removing Defendants cite to the $50,000 award for mental anguish to the plaintiff in *Hicks v. State,* 34,890 (La. App. 2 Cir. 12/7/01), 802 So.2d 1005, 1007, *writ denied sub nom. Hicks v. State DOTD*, 2002-0040 (La. 3/22/02), 811 So.2d 941. Removing Defendants aver that the *Hicks* plaintiff received that award "following automobile accident, where she received relatively minor injuries." R. Doc. 1, ¶ 17. However, the automobile accident at issue, wherein the *Hicks* plaintiff was a passenger, resulted in the quadriplegia of her husband and ultimately his wrongful death, which is clearly distinguishable from the instant matter. *Id.*

Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[17]

Accordingly,

**IT IS HEREBY ORDERED** that on or before **July 15, 2019**, Defendants Sunbelt Forest Products, Inc. and Employers Mutual Casualty Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **July 22, 2019**, Plaintiff Victor Rubio shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, July 5, 2019.

        **ERIN WILDER-DOOMES**
        **UNITED STATES MAGISTRATE JUDGE**

---

[17] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").